IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA YEOMANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv488-WHA |
| ) | (wo) |
| FORSTER AND HOWELL, INC., etc., al, ) | |
| ) | |
| Defendants. ) | |

ORDER

This cause is before the court on the Plaintiff's Motion to Stay Proceedings Pending Outcome of Criminal Case (Doc. #19).

An indictment has been returned against the Plaintiff involving charges which include some of the facts raised in this civil case in the Plaintiff's abuse of process and retaliation claims, as well as the Defendants' counterclaim. The Plaintiff seeks a stay of the civil case, arguing that proceeding in this case may implicate her Fifth Amendment rights. The Defendant states that the Plaintiff's Fifth Amendment argument is speculative because the Plaintiff has not filed an Answer to the Counterclaim, the parties have not held a Rule 26(f) meeting, and no discovery has been conducted.

A district court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Absent special circumstances, the mere existence of parallel criminal and civil proceedings does not compel stay of the civil proceeding. *U.S. v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F .3d 359, 364 (11th Cir.1994).

To determine whether "special circumstances" exist to warrant a stay, courts balance the

interests of the parties, the courts and the public, including such considerations as: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Love v. City of Lanett*, No. 2:09cv622-MEF , 2009 WL 2525371 at *1 (M.D. Ala. Aug. 17, 2009).

Upon an examination of the relevant factors, given the procedural posture of this case, and the fact that the Plaintiff has injected the issue of the criminal case in the allegations of her Complaint, the court concludes that a stay is premature at this time. The Motion to Stay Proceedings Pending Outcome of Criminal Case (Doc. #19) is hereby

ORDERED DENIED without prejudice to the Plaintiff again moving for a stay at a time later in these proceeding if special circumstances arise which warrant imposition of a stay.

Done this 10th day of September, 2009.

    /s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE