IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA YEOMANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv488-WHA |
| ) | (wo) |
| FORSTER AND HOWELL, INC., etc., al, ) | |
| ) | |
| Defendants. ) | |

ORDER

This cause is before the court on the Plaintiff's Motion to Certify Order for Interlocutory Appeal and for Stay Pending Appeal (Doc. #43).

The Plaintiff filed this two count complaint on May 26, 2009. The second count, Abuse of Process, contends that the Defendants maliciously caused her to be criminally charged for theft of money. In her complaint, she denies that she had stolen any money from Defendant Foster and Howell, Inc. In response, the Defendants denied the claims and counterclaimed for the money allegedly taken.

The Plaintiff is now taking the position that this civil case should be stayed a second time while she continues to conduct discovery from Foster and Howell, Inc. in connection with the criminal case, which relates to one of her civil case claims, although such a stay would deny the Defendants their ability to seek discovery to defend themselves civilly.

Continuing the stay increases the danger of evidence becoming lost and unfairly hamper the Defendants in their right to defend against the claim against them and to seek a prompt resolution of the civil suit. *See Alcala v. Texas Webb County,* 625 F. Supp. 2d 391, 414 (S.D. Tex. 2009) (noting, when considering a full stay of a case, that "[a] long delay can lead to a loss of evidence-documents can be misplaced or destroyed and witnesses' memories can fade.").

Both sides are entitled to fairness. *See Love v. City of Lanett*, No. 2:09cv622-MEF , 2009

WL 2525371 (M.D. Ala. Aug. 17, 2009) (courts are to consider the interests of the plaintiff and defendant in determining whether to grant a stay).  The Plaintiff contends that she would be prejudiced by answering the counterclaim, even though she has already denied in her complaint that she stole any money from Foster and Howell, Inc.  She also contends that she will have a default judgment entered against her.  Such a contention is premature because no motion for default has been filed.  Balancing the equities, the court continues to find that a further stay is not justified and the Plaintiff's alternative motion to reconsider, contained in the final paragraph of the motion is DENIED.

As to the Motion to Certifiy Order for Interlocutory Appeal, the court finds that the requirements of 28 U.S.C. § 1292 are not met.  The court's Order denying the Plaintiff's Motion to Extend Stay does not involve a *controlling question of law*.  *See McFarlin v. Conseco Services, LLC*, 381 F.3d 1251,1258 (11th Cir.2004) (distinguishing "between a question of law, which will satisfy § 1292(b), and 'a question of fact or matter for the discretion of the trial court.'").  Furthermore, an immediate appeal will not materially advance the ultimate termination of this litigation.  On the contrary, an appeal at this point would delay it.  Therefore, it is

ORDERED that the Motion is DENIED.

Done this 11th day of December, 2009.

    /s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE